# EXHIBIT A

FILED IN OFFICE
HENRY COUNTY
SUPERIOR COURT

IN THE SUPERIOR COURT OF HENRY COUNTY   MAR 2 6 2013
STATE OF GEORGIA

*Barbara A Harrison*
CLERK OF SUPERIOR COURT

Eunice Jackson

Civil Case Number:

Plaintiff

13-cv-1032BA

vs.

CitiMortgage Inc.,
Phelan Hallinan & Jones LLC,
Home America Mortgage,
McCurdy and Candler LLC,
Mortgage Electronic Registration Systems Inc.

Defendants.

## COMPLAINT FOR PERMANENT INJUNCTION FOR
CEASE AND DESIST ANY AND ALL ACTION OF FORECLOSURE;
AND aND OTHER EQUITABLE RELIEF

COMES NOW, Eunice Jackson; Plaintiff in the above styled matter

and files this Civil Complaint, Lawsuit and Permanent Injunction for cease

and desist any and all action of foreclosure; and other equitable relief.

1.

Only the Superior Courts of Georgia has the right to determine legitimacy of

the alleged foreclosure actions which affects land titles rights and

subsequent transfer rights to CitiMortgage Inc. per O.C.G.A. 23-1-1, equity

jurisdiction is vested into the Superior Courts of the several counties. Thus

the right to proceed against the property rights of the titleholder is

1

challenged, making the venue improper per O.C.G.A. 9-11-12(b)(3).

2.

As evidence by the Initial Communication Letter, Defendant's action is to recover of an alleged amount of indebtedness in the full amount. For a Magistrate Court rule on an amount in controversy greater than $15,000.00 is beyond the judicial limit established, as an of law. Thus, the Magistrate Court of Henry County lacks subject-matter jurisdiction under the limited judicial powers assigned to the Magistrate Courts by Georgia Law on Judicial Powers under O.C.G.A. 15-10-2(5).

3.

Plaintiff asserts jury demand for the issues raised by this action under the seventh amendment of the United States Constitution that all civil matters exceeding $20.00, and the Georgia Bill of Rights to have the right to a trial by jury is inviolate. This court is a court of limited jurisdiction and cannot provide a jury trial per O.C.G.A. 15-10-41(a), as an operation of law. Thus, this court is the improper venue per O.C.G.A. 9-11-12(b)(3) to provide equal protection under the law of the Plaintiff's full rights.

4.

Plaintiff demand equity jurisdiction, which is invested in the Superior Courts of Georgia and not the lower trial court of the Magistrate Court.

Thus the venue is improper per O.C.G.A. 23-1-1. Where equity jurisdiction is invested in the Superior Courts.

5.

Defendants, in the action, failed to produce an authenticated instrument, contract or rightful possession of an instrument, which established ownership prior to the foreclosure sale date, or the right to conduct a non-judicial sale, with verification made against the titleholder.

6.

CitiMortgage Inc., as a quasi-governmental organization, is not a creditor per O.C.G.A. 7-6A-2(6), and as such had no stand to initiate a foreclosure or actually foreclosure on Plaintiff's property.  Thus without verification, the Defendants failed to state a claim upon which relief can be grant and failed to join parties, under O.C.G.A. 9-11-9 and O.C.G.A. 9-11-17(a).  The Georgia Statute O.C.G.A. 9-2-20 which states,

> " (a) As a general rule and action on a contract whether the contract is expressed implied by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent.

3

7.

Plaintiff denies being tenants– at-sufferance; rather Plaintiff submits an

Affidavit of Denial and declares under the penalty of perjury to be the

titleholder in good standing in peaceful possession of the property.  The

affidavit pursuant to O.C.G.A. 9-10-112 and serves as a Counter Affidavit to

the Dispossessory Warrant which makes the Plaintiff provide prima facie

evidence to rebut the Defendants facts.

8.

Plaintiff's actions or inactions, did not caused harm or injury to the

Defendants.  In the absence of proof of evidence of harm, this court or a

competent court, by way of a trial, must find legal grounds to grant relief to

the Plaintiff.

9.

Plaintiff tender this Motion to Dismiss for failure to state a claim in which

relief may be granted per Georgia Civil Rules of Procedure O.C.G.A. 9-11-

12(b)(6) and the Federal Rule of Civil Procedures (FRCP) Rule 12(b)(6)

against any and all claims by the Defendants.

## COMPLAINT

COME NOW, Eunice Jackson  "Plaintiff" by and though undersigned

counsel stating the following:

Facts

10.

Plaintiff realleges and incorporates paragrahs 1-9 as if fully stated herein.

11.

Plaintiff agreed to make monthly payments to Home America Mortgage

12.

Per the promissory note Home America Mortgage / Note Holder agreed to

notify the Plaintiff prior to the date of change in monthly payment

13.

Home America Mortgage did not assigned the right to receive payment

under the promissory note

14.

Home America Mortgage never claimed that the Plaintiff has not made

payment under the promissory note

15.

Plaintiff execute a Security Deed granting Mortgage Electronic Registration

Systems, Inc. "MERS", solely as nominee for Home America Mortgage

Home America Mortgage and Lender successors and assigns, the power of

sale of 2065 Parador Bend, McDonough, Georgia 30253; if the Plaintiff did

not meet her obligations contained in her promissory note

16.

Security Deed did not entitle MERS or any other entity the right to receive

payment pursuant to the Plaintiff's promissory note

17.

Paragraph 18 of Security Deed as a deed passing title not as a mortgage

18.

Plaintiff executed a security deed granting MERS solely as nominee for

Home America Mortgage and Lender's sucessors; assigns the power of sale

of 2065 Parador Bend, McDonough, Georgia 30253 if the Plaintiff did not

meet her obligations contained in her promissory note

19.

Paragraph 26 of the security deed defines security deed aas a deed passing

title, not as a mortgage

20.

The non uniform covenants in security deed 1 and security deed 2 are

materially different

21.

Plaintiff made payments pursuant to the terms of the promissory note

6

<u>Count 1</u>

<u>Set Aside Foreclosure Attempt</u>

21.

Plaintiff alleges and incorporates paragraphs 1-20 as if fully stated herein.

22.

Plaintiff signed a promissory note with Home America Mortgage which secured the mortgage.

23.

Home America Mortgage never assigned the note or the right to receive payment under the note to any other entity orindividual.

24.

Plaintiff made or attempted to make all payment under the promissory note

25.

The assignment of the Security Deed does not grant CitiMortgage Inc. the right to receive payment(s) under the promissory note.

26.

Home America Mortgage did not advise CitiMortgage Inc. that the Plaintiff failed to make payment under the terms of the promissory note.

27.

CitiMortgage Inc. has no right to initiate a foreclosure sale pursuant to

7

OCGA 44-16-162 et seq

WHEREFORE, the Plaintiff request this court to set aside the foreclosure sale, order that the Plaintiff retain possession of the premises adverse to the Plaintiff, award the Plaintiff attorney fees and costs, and for such other and further relief the Court deems just and proper

## Count II

## Wrongful Foreclosure Attempt

### 28.

Plaintiff alleges and incorporates paragraphs 1-27 as if fully stated herein

### 29.

CitiMortgage Inc. owed a duty to the Plaintiff to act in good faith in exercising a power of sale and attempting to foreclose on Plaintiff's Property pursuant to O.C.G.A. § 23-2-114

### 30.

CitiMortgage Inc. breached and violated this duty to the Plaintiff by denying Plaintiff the right to reinstate her mortgage.

### 31.

CitiMortgage Inc. has acted in bad faith in foreclosing on Plaintiff's property

### 32.

Security Deed is the warranty deed that was assigned to CitiMortgage Inc.

8

whiched contained the power of foreclosure.

33.

Defendants failed to give Plaintiff notice pursuant to paragraph 22 of

Security Deed

34.

Defendants failed to give the Plaintiff time to cure any alleged default

pursuant to paragraph 22 of Security Deeed

35.

Defendants failed to inform Plaintiff of her right to reinstate or the right to

bring a court action pursuant to paragraph 22 of the Security Deed

36.

The Defendants falsely advertised the sale of certain real property

2065 Parador Bend, McDonough, Georgia 30253 property.

37.

Defendants failed to advertise the sale of the property for four consecutive

weeks pursuarnt to O.C.G.A. § 44-14-162 et seq

38.

Defendants actions show a willful misconduct, malice, fraud, wantonnees,

oppression, or the entire want of care as to raise the presumption of a

conscious indifference to consequences and a specific intent of cause harm

9

WHEREFORE, the Plaintiff request this Court to set aside the foreclosure sale, order that the Plaintiff retain possession of the premises, bar and forever estop the Defendants from having or claiming any right or title to the premises adverse to the Plaintiff, award the Plaintiff attorney fees and costs, and for such other and further relief the Court deems just and proper

## Count III

### Breach of Covenant or Agreement

39.

Plaintiff alleges and incorporates paragraphs 1-38 as if fully stated herein

40.

Plaintiff executed the Security Deed on February 24, 2006

41.

CitiMortgage Inc. failed to honor the terms of the Security Deed

42.

CitiMortgage Inc. action failed to reflect fair dealing

43.

CitiMortgage Inc. breached the terms of the Security Deed by failing to accelerate pursuant to paragraph 22 of the non-uniform covenant

10

44.

As a proximate result of the Defendant's breach the Plaintiff's property was unlawfully foreclosed

45.

As a result proximate of the Defendant's breach the Plaintiff is in the process of being foreclosed upon

46.

As a proximate result of the Defendant's breach the Plaintiff has suffered unnecessary trouble and expense.

WHEREFORE, Plaintiffs demand judgment against the Defendants in the sum of $25,000.00 interest and cost and for such other and further relief the Court deems just and proper.

## Count IV

### Negligent Servicing

47.

Plaintiff alleges and incorporates paragraph 1-46 as if fully stated herein

48.

CitiMortgage Inc. owed a duty to Plaintiff to avoid unreasonable risks of harm arising out of ordinary care to comply with standard, professional, and responsible practices relating to mortgage lending and servicing.

11

49.

CitiMortgage Inc. negligently serviced the subject loan in breach of its duty to Plaintiff to maintiain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records in a non-negligent manner.

50.

CitiMortgage Inc. action caused injury to the Plaintiff.

51.

Plaintiff suffered damage proximately caused by CitiMortgage Inc. breach of its duty to Plaintiff.

52.

CitiMortgage Inc. actions were undertaken in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expenses

53.

CitiMortgage Inc. actions showed such willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm

12

WHERFORE, Plaintiff judgment against Defendants in the sum of $25,000.00 interest and cost and for such other and further relief the Court deems just and proper.

## Count V

### Fraud: Misrepresentation Pursuant to O.C.G.A. § 23-2-52

54.

Plaintiff alleges and incorporates paragraphs 1-53 as if fully stated herein

55.

CitiMortgage Inc. misrepresentative to Plaintiff that her lender would not foreclose on her property during the time he was being considered for a modification

56.

Plaintiffs reasonably relied upon the Defendant's representations that they would not foreclose while she was being considered for a modification

57.

CitiMortgage Inc. never communicated with Home American Mortgage.

58.

CitiMortgage Inc. knew Plaintiff's right to reinstate after acceleration due to a default

59.

Defendants manipulated Plaintiff into believing that she was being

considered for a modification of her mortgage up to and though the time

Defendant CitiMortgage Inc. actually attempting to foreclose upon Plaintiff

Property

60.

Defendants were successful in depriving Plaintiff of her right to reinstate.

61.

Defendants continue to refuse to allow Plaintiff to reinstate her mortgage

62.

Defendants goal was to deprive the Plaintiff of equity in her home by

wrongfully attenping to foreclose and instituting Dispossessory Action.

63.

Defendants knew that Plaintiff would rely on Defendants'

misrepresentations that Plaintiff's loan was being considered for a

modification and that Defendants would not foreclose upon Plaintiff's

property.

64.

Defendants knew that the Plaintiff relied Dfendants' misrepresentation that

no foreclosre sale would be conducted on Defendant's Property

14

65.

Defendants intiff intended to induce Plaintiff to rely on Defendants'
misrepresentations

66.

Plaintiff relied on Defendants' misrepresentation to her detriment.

67.

Plaintiff's reliance on such promises by Defendants led to her detriment

68.

Defendants acted willfully to deceive the Plaintiff.

69.

Defendants acted recklessly in dealing with the Plaintiff.

70.

Defendants' action caused injury to the Plaintiff

71.

Plaintiff suffered damages proximated caused by Defendants'
misrepresentations to Plaintiff

72.

Defendants' action were undertaken in bad faith have been stubbornly
litigious and have caused Plaintiff unnecessary trouble and expenses

15

73.

Defendants' actions showed such willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm

WHEREFORE, the Plaintiff seek compensatory damages in the amount $50,000.00 punitive damages pursuant to O.C.G.A. § 51-12-5-1, attorney fees and cost pursuant to O.C.G.A. § 13-1-11 and § 13-6-11 and for such other and further relief the Court deems just and proper

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this 26th day of March, 2013

16

Respectfully submitted

Eunice Jackson

Eunice Jackson
2065 Parador Bend
McDonough, Georgia 30253

17

## PARTIES

I Eunice Jackson is an ordinary citizen, trying to accomplish the American

dream of home ownership.  Eunice Jackson  reside 2065 Parador Bend,

McDonough, Georgia 30253 . At all times relevant to this Complaint,

CitiMortgage Inc., Phelan Hallinan & Jones LLC, Home America Mortgage,

McCurdy & Candler LLC and Mortgage Electronic Registration Systems

Inc. have operated a business in the United States.

Phelan Hallinan & Jones LLC
303 Perimeter Center North, Suite 800
Atlanta, Georgia 30346

McCurdy & Candler LLC
GA Foreclosure Department
3525 Piedmont Road NE
Building 6, Suite 700
Atlanta, Georgia 30305

CitiMortgage Inc.
1000 Technology Drive
O'Fallon, MO 63368

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Suite 300
Reston, VA 20190

18

Eunice Jackson

Eunice Jackson
2065 Parador Bend
McDonough, Georgia 30253

19

## VERIFICATION

Personally appeared before me, undersigned attested officer, I Eunice

Jackson states under oath that the facts contained in the Foregoing

complaint is true and correct to the best of my knowledge.

Name:

Eunice Jackson

Address:    <u>Street</u>           <u>City</u>        <u>State</u>      <u>Zip</u>
           2065 Parador Bend    McDonough     GA        30253

Phone:          (        )        -

Sworn To and Subscribed Before Me

This 26th day of March 2013

Notary Public

My Commission Expires



20

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

Eunice Jackson

Plaintiff

vs.

CitiMortgage Inc.,
Phelan Hallinan & Jones LLC,
Home America Mortgage,
McCurdy and Candler LLC,
Mortgage Electronic Registration Systems Inc.

Defendants.

Civil Case Number:
13-ev-1032-BA

## LIS PENDENS NOTICE

To Whom It May Concern:

1. Take notice that I Eunice Jackson Plaintiff, have this day filed a
   Counter Suit and Petition in Henry County Superior Court against
   Defendant(s) CitiMortgage Inc., Phelan Hallinan & Jones LLC,
   Home America Mortgage, McCurdy & Candler LLC and Mortgage
   Electronic Registration Systems Inc., Civil Action
   13-CV-1032-BA (the "action")

2. In that action, Plaintiff is seeking to estop the pending foreclosure and
   eviction proceedings instituted by or on behalf of Defendant, which
   purported to transfer title to Plaintiff property located at 2065
   Parador Bend, McDonough, Georgia 30253 to CitiMortgage Inc.,

14

Phelan Hallinan & Jones LLC, Home America Mortgage,

McCurdy & Candler LLC and Mortgage Electronic Registration

Systems Inc. Defendant(s) in the action seek to enjoin any transfer and

sell of her property and to enjoin any effort to foreclosure, dispossess

and or evict her from the property.

This 26th day of March, 2013

Eunice Jackson

Eunice Jackson
2065 Parador Bend
McDonough, Georgia 30253

15

## CERTIFICATE OF SERVICE

I Eunice Jackson, title holder and mortgagor, certify that I have notified

all parties a true and correct copy of the attached LISPENDENS NOTICE

first class pre-paid United State Postal Service, with sufficient postage

affixed thereon, to:

Phelan Hallinan & Jones LLC
303 Perimeter Center North, Suite 800
Atlanta, Georgia 30346

McCurdy & Candler LLC
GA Foreclosure Department
3525 Piedmont Road NE
Building 6, Suite 700
Atlanta, Georgia 30305

CitiMortgage Inc.
1000 Technology Drive
O'Fallon, MO 63368

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Suite 300
Reston, VA 20190

This 26th day of March, 2013

16

Eunice Jackson

Eunice Jackson
2065 Parador Bend
McDonough, Georgia 30253

17